IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD J. ABDULRAFI,<br><br>    Petitioner,<br><br>  v.<br><br>BILL LOCKYER,<br><br>    Respondent.<br>_____/ | No. C 02-04702 WHA<br><br>**ORDER GRANTING CERTIFICATE OF APPEALABILITY** |

### INTRODUCTION

Petitioner Mohammad J. Abdulrafi requests a certificate of appealability so that he may challenge before the Court of Appeals this Court's denial of his petition for a writ of habeas corpus. Because Abdulrafi made a substantial showing that he was denied effective assistance of counsel in violation of the Sixth Amendment, his request is **GRANTED**.

### STATEMENT

Mr. Abdulrafi was convicted in 1997 in state court of lewd and lascivious acts on a child in violation of Penal Code Section 288(a). He has served his eight-year prison term. The United States deported him to Pakistan because of his conviction. His petition is not moot, despite his release, because of the disabilities (such as exclusion from the United States) that endure due to the conviction. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).

Petitioner first asked this Court for a writ of habeas corpus on September 27, 2002. That petition was denied March 5, 2005. Mr. Abdulrafi appealed. The Court of Appeals granted his motion to supplement the record and remanded the case for consideration of the additional

1  evidence. After a hearing, this Court denied Mr. Abdulrafi's petition again on September 6.
2  Judgment was entered against him and in favor of respondent.

## ANALYSIS

A district court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The certificate is granted if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted). Any doubt is resolved in the petitioner's favor. *Ibid.*

Mr. Abdulrafi argues that a reasonable jurist could find that he was denied effective assistance of counsel when his attorney turned over defense reports to the state. Representation is deficient constitutionally if it is objectively unreasonable, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and when the lawyer's action or inaction hurts the defendant, *id.* at 692. The reports were used by the prosecutor at Mr. Abdulrafi's trial.

Petitioner argues that giving the reports to the prosecutor was unreasonable. He concedes that it might be reasonable, for instance to forestall objections to use of the reports at trial. Petitioner claims that if this were a reasonable strategy, the defense would have turned over all such reports. Defense counsel did not turn them all over. Petitioner also argues that, if it were reasonable, the defense would have turned over only reports about witnesses who were to be called at trial. Defense counsel turned over at least one report for a witness who did not testify at trial. This Court found that there was insufficient evidence to find that defense counsel's representation fell below an objective standard of reasonableness. Petitioner's argument, however, may persuade other reasonable jurists. The Court therefore grants a certificate of appealability as to whether defense counsel's representation fell below an objective standard of reasonableness when he turned over the reports about the three witnesses, Jasmyn (petitioner's daughter), Candyce and Charmaen.

Petitioner also contends that a reasonable jurist could find that the prosecutor's use of the defense reports hurt Mr. Abdulrafi's defense.

2

Prosecutor Javier Alcala questioned Jasmyn about inconsistencies between her testimony and statements she had made to a defense investigator.  Petitioner argues that the questioning cast doubt on her credibility, undermining potentially beneficial testimony.  Mr. Abdulrafi argues this caused him prejudice.  This Court found that there was insufficient evidence to find that petitioner was prejudiced by the prosecution's use of the report because no witness contradicted Jasmyn's testimony.  However, a reasonable jurist conceivably could think Mr. Abdulrafi was hurt by the prosecutor's use of the report.  The Court therefore grants a certificate of appealability as to whether petitioner was prejudiced by the prosecution's use of the report.

Next, petitioner contends that use of the reports about Candyce and Charmaen prejudiced his case.  Mr. Abdulrafi argues that Alcala used the reports to improve his questioning, in part by letting him know additional facts damaging to the defense.  This Court found that there was insufficient evidence to find that petitioner was prejudiced by the prosecution's use of the reports about Candyce and Charmaen.  A reasonable jurist, however, conceivably could disagree.  The Court therefore grants a certificate of appealability as to whether petitioner was prejudiced by the use of the reports about Candyce and Charmaen.

## CONCLUSION

For the reasons above, this Court finds that a reasonable jurist conceivably could have determined the constitutional issues in Mr. Abdulrafi's favor.  This Court therefore **GRANTS** petitioner a certificate of appealability, limited to the specific issues described above. The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated:  September 30, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE